W. P. BAKER, *Sheriff v.* COUNTY COURT OF TYLER COUNTY *et al.*

(No. 7355)

Submitted February 28, 1933.   Decided March 7, 1933.

*O. J. Hill* and *I. M. Underwood,* and *W. J. Brennan,* for plaintiff in error.

*Willis & Ball,* and *Henry P. Snyder,* for defendant in error.

MAXWELL, PRESIDENT:

This is a writ of error to an order of the circuit court of Tyler County awarding a writ of mandamus at the instance of the sheriff of said county to require the county court to issue county orders for claims for services rendered by certain individuals in September, 1931, in the preparation of tax tickets in the sheriff's office.   The aggregate of these claims is $200.-00, and represents the services of five people for ten days at $4.00 each per day.

December 1, 1930, in pursuance of section 40 of chapter 137, Code 1923, the sheriff filed with the county court a detailed statement of the probable cost of maintaining his office for the year 1931.   This estimate or budget showed a total of $3,-870.00, and included an item for "assistants making tax

tickets 80 days at $5.00 per day, $400.00.'' This estimate was approved by the court. The claims herein involved were not only within the total of $3,870.00 approved by the court, but they represent only one-half of the $400.00 which the court approved as a proper item of the budget. The record indicates entire good faith on the part of the sheriff. He had a right to act within the limits of the budget which had been prescribed for him by the court. In this situation, after the work had been performed by special assistants employed by the sheriff, the county court cannot be heard to say, as it attempts to do, that the work could have been personally performed by the sheriff and his two regular deputies. Nor are we favorably impressed by the court's further proposition that compensation on the basis of $4.00 a day for these special assistants is exhorbitant, inasmuch as the items for $400.00 which the court had approved in December for the same work was based on a contemplated per diem of $5.00.

We perceive no error in the action of the trial court in awarding mandamus.

*Affirmed.*